**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 26-56-DLB-EBA**

**MEMBERS CHOICE CREDIT UNION** **PLAINTIFF**

**v.** **<u>MEMORANDUM ORDER</u>**

**TRUST BANK s/b/m BRANCH BANKING & TRUST COMPANY, et al.** **DEFENDANTS**

* * * * * * * * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court on the Court's own motion. For the following reasons, the case is **REMANDED** to Lawrence County Circuit Court.

## II. BACKGROUND

Plaintiff Members Choice Credit Union ("MCCU") originally filed this action in Lawrence County Circuit Court on August 29, 2025, seeking declaratory and other relief from Truist Bank ("Truist") and the United States of America on behalf of the Secretary of Housing and Urban Development ("HUD"). (*See* Doc. # 1-1 at 12-14). On April 2, 2026, the United States removed the action to this Court under 28 U.S.C. §§ 1441(a), 1442(a), and 1444. (Doc. # 1 ¶ 1).

The United States later moved to dismiss the claims against it. (Doc. # 3). MCCU did not oppose the Motion and, that same day, filed an Amended Complaint that no longer named the United States as a defendant. (Docs. # 9 and 10). All that remains, now, is a single claim against Truist for negligent misrepresentation under Kentucky law. (Doc. # 9 ¶¶ 36-49).

## III. ANALYSIS

"By adding or subtracting claims or parties," an amended complaint may "alter a federal court's authority" to hear a removed action. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39 (2025). That is precisely what happened here. MCCU's Amended Complaint dropped the United States as a party, leaving only a state-law negligent-misrepresentation claim against Truist. (Doc. # 9 ¶¶ 36-49). The question, then, is whether any basis for federal jurisdiction remains after that amendment. *See Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) ("[S]ubject matter jurisdiction may be raised *sua sponte* at any juncture because a federal court lacks authority to hear a case without subject matter jurisdiction.").

The United States, as discussed above, invoked §§ 1442(a) and 1444, in part, as grounds for removal.[1] Section 1442 permits removal by "[t]he United States or any agency thereof or any officer[,]" while § 1444 permits the United States to remove an action brought against it under 28 U.S.C. § 2410 (which allows the United States to be named as a party in certain actions regarding property on which it claims a lien). Neither statute, however, is keyed to the district court's original jurisdiction. *See City of Cookeville, Tenn. v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389 n.5 (6th Cir. 2007) ("The removal statute, § 1442(a)(1), is broad and allows for removal when its elements are met regardless of whether the suit could originally have

---

[1] The United States also cited § 1441 as an independent ground for removal. Section 1441, however, is merely "the general removal statute; it incorporates §§ 1331, 1332, and 1367 as the bases for federal jurisdiction." *Horton v. Gen. Elec. Co.*, No. 25-5958, 2026 WL 2654800, at *4 (6th Cir. Sept. 9, 2026). To the extent MCCU's original request for declaratory relief could be understood to supply a federal question (Doc. # 1-1 at 12), it does not. *See Michigan S. R.R. Co. v. Branch & St. Joseph Ctys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 575 (6th Cir. 2002) ("It is well-settled that the Declaratory Judgment Act cannot serve as an independent basis for federal subject matter jurisdiction). And, in any event, as explained below, none of § 1441's incorporated bases for jurisdiction exists over the action as it now stands.

been brought in federal court.") (internal quotations omitted); 14 Wright & Miller's Federal Practice & Procedure § 3728 (Rev. 4th ed.) ("Removal under Section 1444 does not depend on a showing that the state-court action originally could have been brought in a federal court."). That distinction matters.

"[J]urisdiction is [not] frozen at the moment of removal." *Horton v. Gen. Elec. Co.*, No. 25-5958, 2026 WL 2654800, at *3 (6th Cir. Sept. 9, 2026). And when the presence of a party supplied removal jurisdiction in the first instance, that party's later dismissal may eliminate subject-matter jurisdiction altogether. *See, e.g.*, *Interbank v. Great Plains Tire Serv. II Inc.*, No. CIV-20-01126-JD, 2021 WL 6101897, at *2 (W.D. Okla. Mar. 8, 2021) ("[T]he government's subsequent dismissal from an action removed under Section 1444 necessitates a remand unless a separate basis for subject-matter jurisdiction exists."); *Horton*, 2026 WL 2654800, at *5 (concluding that, once the "action no longer 'is against or directed at' a federal officer," the court is stripped of "jurisdiction under § 1442(a)").

MCCU's removal of the United States as a party, here, eliminated the basis for the Court's jurisdiction under §§ 1442 and 1444. That means, "unless a separate basis for subject-matter jurisdiction exists," the case must be remanded. *See Interbank*, 2021 WL 6101897, at *2; *see also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 496-97 (6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory[.]"). Upon review of the record, the Court concludes that no such basis exists.

The Amended Complaint asserts a single negligent-misrepresentation claim against Truist under Kentucky law. (Doc. # 9 ¶¶ 36-49). No federal claim, thus, is

implicated. Nor does diversity jurisdiction provide an alternative basis for jurisdiction. Setting aside the citizenship of the parties, the amount in controversy falls short of $75,000. (*See id.* ¶ 10 ("The amount in controversy is the balance owed to the United States of America on the note secured by the unreleased mortgage which, upon information and belief, was $29,054.39 as of January 30, 2026.")). And indeed, perhaps tellingly, the Amended Complaint itself identifies no independent basis for federal jurisdiction beyond the removal statutes that brought this action here. (*Id.* ¶ 7).

That leaves only supplemental jurisdiction. But "with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well." *Royal Canin*, 604 U.S. at 39. With no federal anchor remaining here, neither does supplemental jurisdiction over MCCU's negligent-misrepresentation claim. *See id.* at 34 ("If nothing in the amended complaint now falls 'within [the federal court's] original jurisdiction,' then neither does anything fall within the court's 'supplemental jurisdiction.'") (quoting 28 U.S.C. § 1367(a)) (alteration in original).

## IV. CONLCUSION

Accordingly, it is **ORDERED** that:

(1) The matter is **REMANDED** to Lawrence County Circuit Court;

(2) All pending motions are **DENIED** as **moot;** and

(3) This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 8th day of October, 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Ashland Civil\2026\26-56 Order Remanding.docx